**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trista Tramposch di Genova, | No. CV-25-00599-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Ted Cruz, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff Trista Tramposch di Genova's "Emergency Complaint for Declaratory and Injunctive Relief" (Doc. 1) and Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2). Plaintiff brings four counts against President Donald J. Trump and "Members of the 118th U.S. Congress[1] who voted to overturn the 2020 election results" for constitutional violations and other allegedly unlawful conduct. *See* Doc. 1 at 1, 4. Plaintiff also asks for a temporary restraining order "barring further unconstitutional acts by the President." *Id.* at 4. For the following reasons, the Court will dismiss Plaintiff's Complaint and grant leave to amend.

**I.     Application to Proceed In District Court Without Prepaying Fees or Costs**

In her Application to Proceed, Plaintiff indicates she has insufficient funds to pay the filing fee for this action. The Court, in its discretion, will grant Plaintiff's Application. Plaintiff will not be required to pay the filing fees for this action.

---

[1] The Court believes Plaintiff intended to reference members of the 117th Congress. *See* United States Senate, Dates of the Sessions of Congress (https://www.senate.gov/legislative/DatesofSessionsofCongress.htm).

## II. Statutory Screening of In Forma Pauperis Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2]

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Ninth Circuit has instructed, courts must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines a pleading could be cured by the allegation of additional facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

## III. Analysis

Plaintiff's Complaint includes four counts, each of which seek either to enforce the Fourteenth Amendment's Insurrection Clause or sue government actors for actions taken

---

[2] The Court also has an independent obligation to dismiss if it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Lack of standing is a jurisdictional issue. *See Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 868 (9th Cir. 2002).

in the scope of their official duties. All counts fail to state a claim.

### A. Counts One and Two

Court One alleges that "Defendants engaged in . . . insurrection and are constitutionally disqualified from holding federal office under Section 3 of the Fourteenth Amendment." Doc. 1 at 4. *See* Doc. 1 at 4. In *Trump v. Anderson*, 601 U.S. 100 (2024), the Supreme Court held the Insurrection Clause may only be "enforce[ed] by Congress, which enjoys power to enforce the Amendment through legislation pursuant to Section 5" of the 14th Amendment. *Id.* at 122; *see also id.* at 121 (Sotomayor, J., concurring in judgment) ("Congress, the majority says, must enact legislation under Section 5 prescribing the procedures to 'ascertain[ ] what particular individuals' should be disqualified (alteration in original) (quoting *id.* at 109)). In light of this decision, Plaintiff has no private right of action and cannot prevail on her Insurrection Clause claim. Count Two, which argues "Plaintiff and the electorate are deprived of equal protection and due process by being forced to compete against a constitutionally disqualified candidate," is likewise premised on a finding that President Trump is disqualified under the Insurrection Clause. Doc. 1 at 4.[3] Accordingly, Count Two also fails.

### B. Count Three

Count Three argues "Defendants accepted unlawful contributions, interfered with electoral processes, and corrupted federal governance in violation of principles of good government and public trust." Doc. 1 at 4. First, the statement that Defendants "accepted unlawful contributions" is unrelated to any of Plaintiff's factual allegations and, by itself,

---

[3] Count Two also alleges Plaintiff and the "electorate" are being deprived of equal protection and due process by "Governmental actions that circumvent the rule of law and lawful elections." Doc. 1 at 4. First, as explained below, to the extent Plaintiff is attempting to sue members of Congress based on official actions taken within the scope of their legislative activities (e.g., congressional votes), Defendants have legislative immunity. Further, Plaintiff's vague allegations of unlawful government action or insufficient to state a claim. Finally, Plaintiff's allegations of harm to the general public are insufficient to confer standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)) ("For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'"); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.").

is too vague to state a claim. The statement that Defendants "corrupted federal governance" is similarly vague, and Plaintiff cites no statute or constitutional provision that allows her to bring a claim for "violation of principles of government and public trust." *See id.*

Plaintiff alleges facts to support her claim that the congressional Defendants interfered with electoral processes, but she cannot survive legislative immunity. It is settled law that "legislators are absolutely immune from liability for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 48 (1998); *see also* U.S. Const. Art. I, § 6, Cl 1. Plaintiff alleges "[o]ver 200 members of Congress voted knowingly to reject the certified 2020 elections results." Congressional voting is an inherently legislative function, and Plaintiff cannot sustain a claim against any member of Congress on this basis. *See Gravel v. United States*, 408 U.S. 606, 624 (1972) ("Thus, voting by Members and committee reports are protected . . . [and] a Member's conduct at legislative committee hearings. . . may not be made the basis for a civil or criminal judgment against a Member because that conduct is within the 'sphere of legitimate legislative activity.'" (internal citations and quotations omitted)).

### C. Count Four

Finally, Count Four alleges "Defendants' use of militarized force, extraordinary rendition, detention, and denial of due process implicates obligations under treaties and international law." Doc. 1 at 4. In support, Plaintiff asserts "[t]he Defendant President's administration continues to enact policies (immigration enforcement, military deployment, paramilitary transfers, executive orders) that impose daily harm, consume public attention, and shield him from accountability." *Id.* at 3. Plaintiff fails to explain exactly which policies she is referring to, what federal law or constitutional provision the policies violate, or why the policies are actionable. This Count is a textbook example of "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.[4]

---

[4] Even had Plaintiff included sufficient factual detail for this count, she has not established standing because she has not alleged a concrete, particularized injury affecting her in a personal and individual way. *See Spokeo*, 578 U.S. at 339. Further, to the extent Plaintiff sues President Trump in his individual capacity, *see* Doc. 1 at 1, any claim based on his official acts is barred by presidential immunity. *See Nixon v. Fitzgerald*, 457 U.S. 731, 754 (1982).

### IV. Leave to Amend

Because parts of Plaintiff's Complaint may be cured by the allegation of additional facts, the Court will grant leave to amend as to Counts Three and Four. *See Lopez*, 203 F.3d at 1127–29; *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) ("[D]ismissals for lack of Article III jurisdiction must be entered without prejudice because a court that lacks jurisdiction 'is powerless to reach the merits.'" (citation omitted)).

Counts One and Two fail because the Court does not have jurisdiction to declare a government official disqualified under the Insurrection Clause. Because this deficiency could not be cured by the allegation of additional facts, the Court will dismiss Counts One and Two with prejudice.[5] Count Three fails, in part, because Defendants have immunity from suits based on legislative acts, including congressional votes. Accordingly, to the extent Count Three arises from Plaintiff's allegations that congressional Defendants voted to reject the certified 2020 election results, it is also dismissed with prejudice. Plaintiff has leave to amend to the extent that the allegations in Count Three relate to Defendants' other, non-legislative acts. The Court will also grant leave to amend Count Four in its entirety.

The Court reminds Plaintiff that to proceed with this action, she must cure several deficiencies. First, to state a claim, Plaintiff must allege additional facts. It is not enough to state that Defendants (as a group of nearly 200 people) accepted unlawful contributions or that Defendants' policies are unlawful. She must explain which policies she is challenging, and *why* they are unlawful. It is further insufficient to state that Defendants' actions violate "principles of good government and public trust" or "implicate[] obligations under treaties and international law." *See* Doc. 1 at 4. The Court cannot exercise jurisdiction over a cause of action that lacks an identifiable source. Plaintiff should also remember that she must establish standing to move forward with this case. It is not enough that Defendants are allegedly implementing policies that are generally harmful: Plaintiff

---

[5] It is unclear to what extent "governmental actions that circumvent the rule of law and lawful elections" refers to eligibility under the Insurrection Clause. Because allegations related to legislative votes are barred by legislative immunity and Counts Three and Four encompass the remaining allegations, the Court will dismiss Count Two in its entirety with prejudice.

- 5 -

herself must have suffered a direct injury. *See Spokeo*, 578 U.S. at 339 (2016); *Warth*, 422 U.S. at 499 (1975). If Plaintiff amends her Complaint and again alleges a harm applicable to the population at large, the Court may dismiss her Complaint with prejudice. *See Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004) (internal quotation, citations, and brackets omitted) ("Ordinarily, dismissal for lack of standing is without prejudice. On occasion, however, a dismissal with prejudice is appropriate, especially where it is plainly unlikely that the plaintiff will be able to cure the standing problem.").

## V.     Warnings

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action. If Plaintiff fails to timely comply with every provision of this Order, including this warning, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

## VI.    Order

Accordingly,

**IT IS ORDERED granting** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

///
///
///
///
///
///
///
///

**IT IS FURTHER ORDERED dismissing without prejudice** the Complaint (Doc. 1). Plaintiff's request for a temporary restraining order is **denied**. Plaintiff may amend her Complaint pursuant to the above guidelines within **30 days** of the date of this Order. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 4th day of November, 2025.

_____
John C. Hinderaker
United States District Judge